**SO ORDERED.**

**SIGNED this 10th day of May, 2012.**



Janice Miller Karlin
United States Bankruptcy Judge
_____

In the United States Bankruptcy Court
for the District of Kansas

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Gwendolyn Louise Rios, | ) | Case No. 12-40449 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**Memorandum Opinion and Order Denying
Motion for Rehearing**

Debtor, Gwendolyn Louise Rios, initiated this bankruptcy proceeding, *pro se*, by filing a petition under Chapter 11 of the Bankruptcy Code on March 30, 2012. Contemporaneously with the filing of her petition, Ms. Rios filed a Certificate of Credit Counseling. It indicated that she had obtained credit counseling from Housing and Credit Counseling, Inc. on December 11, 2009.[1] Because the Certificate of Credit Counseling was issued more than 180 days

---

[1] Doc. 4.

prior to the filing of the petition, the United States Trustee filed a Motion to Dismiss,[2] claiming that Ms. Rios had failed to comply with 11 U.S.C. § 109(h)(1).

On April 18, 2012 Ms. Rios objected to the motion to dismiss, claiming that she had an appointment to obtain the required credit counseling on April 20, 2012.[3] She then, on April 20, 2012, filed another Certificate of Counseling with the Court.[4] This Certificate indicates she completed the counseling that same day.

The motion to dismiss was heard on April 24, 2012, at which time Ms. Rios appeared and the Court questioned her about the circumstances surrounding the counseling. Based on Ms. Rios' responses, the Court concluded that Ms. Rios had failed to comply with § 109(h)(1) and that the Court had no statutory choice but to dismiss her petition. An Order of Dismissal was entered on May 2, 2012;[5] it found that Ms. Rios was ineligible to be a debtor pursuant to § 109(h)(1) and dismissed the case.

On May 9, 2012, Ms. Rios filed a Motion for Rehearing using a "fill-in-the-blank" form that indicates it is being filed pursuant to Rule 8015 of the Federal

---

[2] Doc. 18.

[3] Doc. 30.

[4] Doc. 34.

[5] Doc. 36.

Rules of Bankruptcy Procedure.[6] On that same date, Ms. Rios also filed a Notice of Appeal,[7] seeking to appeal the Court's order dismissing this case. Because the matter has not yet been heard by any appellate court, a motion for rehearing under Rule 8015 is obviously inappropriate.[8] But because Ms. Rios is proceeding *pro se*, and because her motion was filed within 14 days of the entry of the Court's order dismissing her case, the Court will, out of an abundance of caution, deem the Motion for Rehearing to be a motion to alter or amend this Court's prior order pursuant to Fed. R. Bankr. P. 9023.[9]

The Court retains jurisdiction to rule on the motion for reconsideration; the notice of appeal will not become ripe until the motion for reconsideration is resolved.[10]

I. Analysis

---

[6] Doc. 38.

[7] Doc. 39.

[8] Fed. R. Bankr. P. 8015 provides a process by which a party may seek a rehearing by the district court or the bankruptcy appellate panel after that court has issued a ruling on an appeal from the bankruptcy court. It is not a proper mechanism for seeking reconsideration of an opinion by the bankruptcy court prior to any appeal being heard.

[9] *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.2d 858, 861 (10th Cir. 1995) (holding that a "motion for reconsideration" filed within the time limit for filing a motion to alter or amend a judgment under Rule 59 should be deemed to have been filed under that rule). Fed. R. Civ. P. 59 is made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9023 except that the motion has to be filed within 14 days from a bankruptcy order.

[10] *Id.* at n. 2.

Ms. Rios seeks reconsideration of the Court's dismissal of her case on the basis that a new credit counseling certificate has now been filed with the Court. Unfortunately for Ms. Rios, this new certificate cannot save her case because of the clear language of 11 U.S.C. § 109(h)(1).

According to § 109(h), "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."[11] This subsection makes clear that the 180-day period for obtaining the credit counseling ends on the date of filing of the petition.[12] The initial credit counseling certificate that Ms. Rios filed was insufficient to qualify her as an eligible debtor because she attended the counseling session more than 180 days prior to the filing of the petition. The second credit counseling certificate filed by Ms. Rios was also insufficient, because the counseling session was taken after the filing of the petition date—here, 20 days after the petition date.

As the Court explained at the hearing, § 109(h)(3) does provide an exception to the timing requirements. Under § 109(h)(3), a debtor may be

---

[11] 11 U.S.C. § 109(h)(1).

[12] *See also In re Francisco*, 390 B.R. 700, 705 (10th Cir. BAP 2008) (holding that a debtor qualifies as a debtor under § 109(h) "so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition.)

excused from obtaining the required credit counseling prior to the filing of the petition providing the debtor submits to the Court a certification that:

> (1) describes exigent circumstances that merit a waiver of the timing requirements contained in § 109(h)(1);
>
> (2) states that the debtor requested credit counseling services from an approved agency but was unable to obtain the services for at least one week from the date the debtor made the request; and
>
> (3) is satisfactory to the court.[13]

As a preliminary matter, Ms. Rios has not filed the required certification under § 109(h)(3). Nevertheless, this Court did question Ms. Rios at the April 20, 2012 hearing to determine if she could qualify for a waiver of the timing requirements under that provision of the Code. Ms. Rios indicated that she had been unsure if the credit counseling certificate she received in 2009 was sufficient for this new case, but elected to file it instead of seeking new counseling. She also clearly stated that she made no request for new credit counseling services from an approved agency prior to filing this case. She first made the request after receiving the Trustee's Motion to Dismiss, which noted the deficiency. Accordingly, the provisions of § 109(h)(3) do not apply.

The Court next inquired of Ms. Rios whether she could qualify for a waiver of the credit counseling requirements under § 109(h)(4), which provides for an exception to the credit counseling requirements if a debtor is unable to complete

---

[13] 11 U.S.C. § 109(h)(3).

the counseling because of "incapacity, disability, or active military duty in a military combat zone."[14] Ms. Rios indicated she did not qualify for any of these exceptions, and therefore, the Court found that 11 U.S.C. § 109(h)(4) was inapplicable as well.

## II. Conclusion

The credit counseling requirements found in 11 U.S.C. § 109(h)(1) must be satisfied within the window of time Congress has unequivocally established, unless the debtor qualifies for an exception found in § 109(h)(3) or (4). The congressionally mandated window does not open until 180 days prior to the date the petition was filed, and closes immediately upon the filing of the petition. Ms. Rios has submitted two credit counseling certificates in this case. The first indicates she obtained the counseling well more than 180 days before the filing of her petition—before the window was opened. The second certificate indicates the obtained the counseling several weeks after the filing of her petition— after the window was closed. Because she did not obtain the required credit counseling within the window of time established by § 109(h)(1), Ms. Rios is ineligible to be a debtor in this case.

Because the Court correctly granted the Motion to Dismiss, the Court must deny Ms. Rios' motion to alter or amend the Court's prior order dismissing this case.

---

[14] 11 U.S.C. § 109(h)(4).

**It is, therefore, by the Court ordered** that the Motion for Rehearing[15] is denied.

###

---

[15] Doc. 38.